D. E. MOODY et al. (Franklin Special School District)

*v.*

WILLIAMSON COUNTY, TENNESSEE et al. (Board of Education).

371 S.W. 2d 454.

(*Nashville,* December Term, 1962.)

Opinion filed October 11, 1963.

CLETUS W. MCWILLIAMS, City Attorney, C. DEWEES BERRY, Franklin, for appellants.

TYLER BERRY, Franklin, for appellees.

MR. JUSTICE DYER delivered the opinion of the Court.

Williamson County through its Board of Education operates all the public high schools in the county and all the public elementary schools with the exception of the elementary schools in the Ninth Civil District, which are operated by the Franklin Special School District.

On April 10, 1961 Williamson County authorized and sold bonds in the amount of $110,000.00, said bonds being designated as "High School Bonds," making the principal and interest of said bonds payable from levy on all taxable property in the county. Out of the proceeds of these bonds the Williamson County Board of Education expended $102,192.74 to construct a gymnasium for the school at College Grove.

This suit was brought by the Franklin Special School District against Williamson County to obtain a pro rata distribution of the proceeds of this bond sale, under applicable statutes. Williamson County demurred to the bill which the Chancellor sustained dismissing the bill. The cause is before this Court on appeal by Appellant, Franklin Special School District.

Appellant does not contend Appellee cannot issue high school bonds without making a pro rata distribution to Appellant since this issue has already been litigated by these parties. *Guffee v. Crockett,* 204 Tenn. 121, 315 S.W. 2d 646. The claim here is that the bonds were not used exclusively for high school purposes.

On this point in their bill appellants state:

"Complainants aver upon information and belief that the new gymnasium is at the present time, and since its construction has been used by both the elementary and high school grades comprising the College Grove School: particularly grades seven (7) through twelve (12), each of which grades have several hours of planned physical education activity each week at the school under the direction of one of the members of the faculty, who has during each day five periods devoted solely to 'physical education.' Indeed, complainants aver, upon information and belief, that the lower elementary grades have access to and use of said gymnasium under the direction of their grade teacher at least on occasions when the weather outside, during normally scheduled recess or 'supervised play' periods, is inclement. Further, complainants aver, upon information and belief, that for many years past the old gymnasium at the College Grove School was likewise used by both the elementary and high school grades. Further, complainants aver, upon information and belief, that for many years grades seven and eight at the College Grove School have participated in interscholastic sports, such as basketball, and that both the new gymnasium and the old one which it replaced have been and is now used by such grade school teams for

regularly scheduled interscholastic games, practices, etc.''

Appellants state in their brief as follows:

''What is most earnestly challenged here by the complainants is the attempt by the defendants to cause to be issued school bonds by the Quarterly Court of Williamson County for the exclusive and limited purpose 'of providing additional funds for the construction, reconstruction, improvement and equipment of high school buildings in and for Williamson County, Tennessee, and for the purchase of property, real and personal appurtenant thereto * * *' to the exclusion of participation by the complainants in the proceeds of the sale thereof, where *as a matter of fact,* the proceeds from the sale of such bonds were *almost entirely* used and expended by defendants in connection with the construction of a gymnasium for use by *both* the *elementary* and high school grades in the school operated by the Board of Education of Williamson County, Tennessee, at College Grove.''

Since the property within the boundaries of the Franklin Special School District is subject to be taxed in retirement of these bonds the issue made here, that proceeds from this bond sale for high school purposes has in fact been used at least partly for elementary school purposes, would be a justiciable issue, as such use of these funds would be to the detriment of the property owners within the Franklin Special School District, and same would be a question of fact.

Appellants allege in their original bill the school operated by Appellee at College Grove is from grades one through twelve. It is then apparent from the face of the

bill Appellee operates at this location both an elementary and a high school. The fact these schools are operating on the same plot of land would not change this situation. The substance of the allegations here is that the seventh and eighth grades of the elementary school make regular use of the gymnasium in planned physical education, and other grades of the elementary school use it especially during inclement weather. Assuming these allegations to be true, as we must under this demurrer, we do not think they are such the court could grant the relief prayed for under this bill, which would in effect be to hold the proceeds of these bonds had not been used for high school purposes.

The use of a gymnasium under the circumstances shown in this bill is a matter of administrative detail for the local school board and the fact in the judgment of the local board elementary school pupils make use of the gymnasium does not change its essential character as a high school gymnasium.

Appellant argues before the bar of this court, if Appellee can issue bonds as in this case for a gymnasium, then they can issue bonds calling them high school bonds and in fact build school rooms needed by the elementary school and not for the high school. We do not feel it necessary in the disposition of this case to answer this argument, but suffice to say that there are no such allegations in this bill.

Judgment affirmed.